EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HERMINIO GOTAY CÁTALA, acusado y apelante.

*Número:* CR-72-166      *Resuelto:* 12 de septiembre de 1973

*José Rafael Gelpí* y *Sergio A. Peña Clós,* abogados del apelante; *Peter Ortiz, Procurador General Interino,* y *Roberto Armstrong, Jr., Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante, reo convicto de violar por la fuerza una estudiante de Escuela Superior de 17 años, que regresaba por la tarde a su hogar a pie bajo la lluvia por un camino vecinal que arranca desde el punto donde la dejó la

guagua, señala como único error la insuficiencia de la prueba de corroboración exigida por la Regla 154 de Procedimiento Criminal que textualmente dispone en lo pertinente: "En un proceso . . . por el delito de violación o tentativa de cometerlo, no podrá declararse convicto al acusado por la sola declaración de la mujer agraviada, a menos que tal declaración se corrobore con alguna otra prueba que por sí misma, y sin tomar en consideración la declaración de la mujer agraviada, tienda a establecer la relación del acusado con la comisión del delito. Esta corroboración no será suficiente si sólo probare la perpetración del delito o las circunstancias del mismo."

No vemos necesidad de adentrarnos en el análisis extenuante de los detalles de su infortunio transmitido verbalmente por la ofendida a su hermano que acudió a sus gritos y quien fue la primera persona a quien pudo hacer un relato de lo ocurrido.

Los elementos integrantes de la evidencia de corroboración, a saber, la perpetración del delito y la vinculación del acusado con el mismo, quedaron establecidos en juicio no sólo por el relato que espontáneamente hizo la joven a su hermano, sino por el cuadro general de hechos probados independientemente. Al efecto revela la transcripción de la evidencia oral que el apelante, un hombre corpulento persiguió a la estudiante, la derribó en el camino mojado por la lluvia y venciendo su resistencia se le echó encima y gozó su virginidad en un lecho de fango; que a los gritos de la ofendida llegó su hermano de 18 años a tiempo para ver al apelante ya incorporado junto a la víctima llorosa, que con su presencia el acusado se alejó hacia el automóvil que había dejado en la carretera y que el hermano oída la queja de la joven lo persiguió hasta lanzarle una pedrada cuando el apelante huía en su coche. Que la misma tarde del crimen tanto la ofendida como su hermano captaron los rasgos fisonómicos del apelante con razonable confiabilidad que les permitió identificarlo sin

dificultad en un grupo de 10 ó 12 hombres a tales fines alineados en el Cuartel de la Policía. Una doctora en medicina confirmó la desfloración.

La prueba aquí resumida en compacta síntesis satisface la exigencia de corroboración del testimonio de la mujer agraviada inserta en la transcrita Regla 154 de Procedimiento Criminal. Ajustados a la ley y a los hechos están tanto el rechazo del juez de instancia a la moción para desestimar la acusación como el veredicto rendido por el jurado.

*Se confirmará la sentencia de 10 a 15 años de presidio dictada el 19 de mayo de 1972 por la Sala de Guayama del Tribunal Superior.*